## Chicago & W. I. R. R. Co. and the Louisville, N. A. & C. Ry. Co. v. Peter Reichert.

1. ORDINARY CARE—*Want of, Precludes a Recovery.*—In actions for personal injuries, if the evidence shows that the plaintiff was not in the exercise of ordinary care for his personal safety at the time of the injury he can not recover.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

### STATEMENT OF THE CASE.

On the 25th day of October, 1892, a milk platform about six feet wide, made of plank, was maintained on the east side of the tracks of the Chicago & Western Indiana Railroad, immediately south of the crossing of Archer avenue and extending south, along the tracks about 220 feet to 23d street. This platform was built upon a level with the rails. Between the northern half of the platform and the east rail was a space of about eighteen inches, and between the southern half of the platform and the east rail was a space of two feet, and it is pleaded and claimed that the platform was negligently and dangerously constructed in this particular, in that passing trains did not overlap that half of the platform two feet from the east rail, but did overlap the half of the platform which was only eighteen inches from the east rail for about six inches, and that when this milk platform was covered with cans and many patrons of the railroad were busily engaged in sorting and securing their cans, they would, in the exercise of due care for their own safety, fail to observe for an instant that they were at a point on the platform only eighteen inches from the east rail, where a passing locomotive would overlap the platform about six inches and strike them down.

To the east of the platform there was a roadway about twenty-three feet wide, where milkmen drove their wagons

up to the platform and loaded them with milk cans. To the east of this roadway were two tracks of the Pittsburg, Fort Wayne and Chicago Railroad, running parallel north and south. The tracks of the Chicago and Western Indiana Railroad were four in number and extended in a straight line parallel, north and south.

At about 9:30 o'clock in the morning, on the 25th of October, 1892, appellee, a German milkman, about sixty-eight years of age, went upon this platform, at a distance of about 120 feet south of Archer avenue, for the purpose of receiving certain cans of milk consigned to him, which, with a great many others, had just been unloaded upon this platform and nearly covered the platform, reaching from the northern to the southern portion thereof and nearly across it. Appellee's cans were sitting at about eighteen inches from the west edge of the platform, at a point where the west edge was only eighteen inches from the east rail, and where passing locomotives overlapped the platform about six inches.

Appellee had been going to this milk station for a number of years, and was, presumably, familiar with the platforms, tracks and usual movement of trains thereabouts.

One of the counts of appellee's declaration charged a duty, under all the circumstances, on the part of appellants to have stationed at this milk station some discreet person as a watchman to warn plaintiff, and other patrons, of the approach of engines and cars, and alleges the breach of that duty as one of the proximate causes of the accident.

Appellee commenced to select the cans of milk belonging to him, which were about eighteen inches from the west edge of the platform, and in doing so, went to the west side of his cans and nearest the west edge of the platform in this eighteen inch space, and began to work or roll his cans around out of their position along the west edge of the platform.

While appellee was in this position upon the milk station platform, with his back turned toward the track, a locomotive engine approached backward from the south, at a speed

C. & W. I. R. R. Co. v. Reichert.

of about fifteen miles per hour, without, it is charged, ring-
ing any bell or giving any warning, contrary to the ordi-
nances of the city of Chicago, striking appellee in the side
and back, inflicting the injuries for which this suit is
brought.

G. W. Kretzinger and E. C. Field, attorneys for appel-
lants.

Edgar Terhune, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the
Court.

In the present case it appears that appellee was familiar
with the station, the platform and its surroundings.

While, therefore, it is the case that the owners of rail-
roads, which are public highways, are bound to make such
landings or places of access to their roads as are necessary
for the public accommodation, and to keep them in a rea-
sonably suitable and safe state for the accommodation of
the persons who may be expected to use them.   9 Foster
(N. H.), 9, 39, 40; Longmore v. R. R. Co., 19 C. B., N. S. 183;
115 Eng. C. L. 183; Sawyer v. R. R. Co., 27 Vt. 377.

Appellee, having full knowledge of the situation of the
platform, can not recover because of a defect in the arrange-
ment thereof, if any there was.

Appellee, knowing that this platform projected over the
roadway along which locomotives ran, placed himself with
his back to the track in a position where he was struck by
a passing engine.

Counsel say that it became necessary for appellee to go
where he was when hurt.   We do not find any evidence
justifying such assertion.

Appellee was, with a number of other milkmen, removing
cans from the platform.   If appellee's cans were on the
side nearest the track, the west side of the platform, appel-
lee could have waited until the other cans were removed by
their owners, or himself moved them out of the way.

Probably, in thoughtless haste, he went upon the track,

took a can, and, as the evidence shows, backed with it down the line, up which an engine was coming. His danger was seen by his fellow-merchants; they shouted to him—one, close to him, jumped over cans out of the way; appellee was not quick enough and was hit.

The record here presented, shows that appellee was not in the exercise of ordinary care, else, with nothing to obstruct his view, he would have looked down the straight track, and would have seen the approaching engine.

It is urged that there was a failure to ring the bell upon the engine, and that the ordinance so required.

As the accident did not happen at a crossing, the only negligence of the defendant, shown by the evidence, was the failure to ring a bell.

The practice of ringing, or failure by appellant to ring a bell, did not relieve appellee from the obligation to exercise ordinary care. It is not ordinary care to go upon a railroad track and engage in work, standing with one's back to the direction from which trains come and run.

The platform in question was on a level with the railroad track; appellee unnecessarily went thereon, failing to exercise ordinary care for his own safety.

Appellee was not invited to the place at which he was injured. All of his and the other cans were placed where no one need run any risk in taking them therefrom. Appellant was therefore not required to keep a watchman to warn the milkmen of the approach of trains.

The judgment of the Superior Court is reversed and the cause remanded.